**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS JAMES CARTER, | | |
| | Petitioner, | No. C 02-5556 PJH (PR) |
| v. | | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| ROY A. CASTRO, et al., | | |
| | Respondent. | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner has not filed an optional traverse. The case is ready for decision.

**BACKGROUND**

Petitioner was convicted of first degree burglary, second degree burglary, receiving stolen property, and conspiracy to commit burglary. Ex. 3 (opinion of the California Court of Appeal) at 1.[1] He also was convicted of counterfeiting and drug offenses, and of possession of burglary tools and ammunition. Ex. 1 (clerk's transcript on appeal) at 351-56 (verdict forms). He was sentenced to sixteen years in prison. The California Court of Appeal affirmed petitioner's convictions, but reduced his sentence by one year. Ex. 3 at 25. The California Supreme Court summarily denied petitioner's petition for review. Petitioner also filed state habeas petitions, all of which were denied.

Petitioner does not dispute the following relevant facts, which are taken from the

---

[1] All citations to "ex." are to the exhibits lodged with the court by the respondent.

1  opinion of the California Court of Appeal.

> In February 1997, Detective Gene McManus of the Del Norte county Sheriff's department, in conjunction with Sergeant Steve Morris of the same agency, began an investigation into burglaries that were being committed throughout Del Norte County. Appellants became suspects in these offenses after several persons, who insisted on anonymity, informed the officers that appellants had been committing burglaries of both commercial and residential properties in the late night and early morning. Based on information obtained from interested citizens and observations made during surveillance of appellants' residences, a search warrant was obtained for each of the appellants' residences, as well as a shop appurtenant to appellant Nolan's home. During the searches, a total of approximately $150,000 in stolen property was retrieved, including a backhoe, appliances (refrigerator, washer, dryer), power tools, construction equipment, and supplies.

Ex. 3 at 1-2.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1041 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The

federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 123 S. Ct. at 1041. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 123 S. Ct. at 1041; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

Petitioner claims that counsel was ineffective in failing to include in his motion to suppress grounds that the search warrant was a general warrant, was issued without probable cause, and was obtained in bad faith. He also contends that counsel should have contended that the officers conducting the search grossly exceeded the scope of the warrant and that their conduct in executing the warrant was unreasonable. Pet., attachment at 1.

The Sixth Amendment guarantees not only assistance, but effective assistance of

3

counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

When this general rule is applied to a claim that counsel should have moved to suppress, petitioner must show that "(1) the overlooked motion to suppress would have been meritorious, and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003). The court will apply the same analysis here, where counsel did move to suppress but did not raise some grounds which petitioner believes would have caused the motion to be granted. The first order of business, then, is to consider whether any of the grounds that petitioner claims his counsel should have raised would have succeeded.

*1.     Scope and reasonableness*

Petitioner contends that counsel should have moved to suppress on grounds that "law enforcement officers grossly exceeded the scope of the search warrant and the conduct of the officers who executed the warrant was unreasonable."

Whether a search or seizure is constitutionally "reasonable" depends not only on the existence of probable cause but also depends "on *how* it is carried out." *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985) (emphasis in original). The reasonableness test established in *Graham v. Connor*, 490 U.S. 386, 387 (1989), for cases involving police use of excessive force in making stops or arrests, applies to the manner in which the police conduct any search or seizure, including limited detentions, and to forms of police conduct other than

4

the use of force.  *See Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994).  The totality of the particular circumstances of each case must be considered.  *See Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994).

Petitioner contends that the officers' conduct was unreasonable because they spent two days searching the property and because they excluded petitioner's wife and children from it for that time.  In light of the fact that the officers seized over 800 items, it was reasonable to spend two days on the petitioner's property,[2] and, given that spending two days on the search was reasonable, it was reasonable to exclude the occupants of the house from the scene for that time – it would not be practical to have the occupants attempting to go about their daily lives while such an extensive search was ongoing, even leaving aside considerations such as the possibility that they would tamper with the evidence.

The items seized also were within the scope of the warrant -- the court's comparison of the warrant and the list of items seized shows that of the six-hundred and fifty-five different kinds of items seized, there were only fifteen that could reasonably be argued not to fit within the warrant.  This was not sufficient to show that the manner of search was unreasonable.  *See Wilson v. Layne*, 526 U.S. 603, 611 (1999) (Fourth Amendment does not require that every police action while inside a home be explicitly authorized by the warrant to qualify as within its scope, though police actions must be "related to the objectives of the authorized intrusion.").

Addition of these grounds to the motion to suppress would have not have caused it to succeed, so counsel was not ineffective in failing to raise them.

///

---

[2] On February 28th, officers recorded 300 items seized from the storage shed.  On March 1st, officers recorded 39 items seized from the living room, 5 from the kitchen, 4 from the bedroom, 15 from the attic, and 77 from the back shed.  Pet., attached ex. C, Seized Property Receipts, 1-55.   Petitioner contends that the fact that only thirty-one were introduced at trial shows that the extent of the search was unreasonable; but of course this indicates only how many items the prosecution thought it useful to introduce, not how many actually were evidence of a crime.

*2.     General Warrant*

Petitioner contends that the warrant lacked particularity and thus was an impermissible general warrant. The Warrants Clause of the Fourth Amendment requires search warrants to "particularly describ[e] the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. The particularity requirement protects the individual from a general, exploratory rummaging of his or her belongings by limiting the officer's discretion and by informing the person subject to the search what items the officers executing the warrant can seize. *United States v. McGrew*, 122 F.3d 847, 850 (9th Cir. 1997).

A warrant is plainly invalid under the Fourth Amendment if it provides no description of the property to be searched or seized. *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004) (warrant was invalid because, in the section for listing the property to be seized, it described the house rather than the items in it). Where the misdescription of the items to be seized is fundamental (e.g., the warrant describes the house rather than the items in it), the warrant is so obviously defective that a search pursuant to it must be regarded as warrantless and presumptively unreasonable. *See id.* at 558-59. However, "[t]he prohibition of general searches is not to be confused with the demand for precise ex ante knowledge of the location and content of evidence related to the suspected violation." *United States v. Meek*, 366 F.3d 705, 711-12 (9th Cir. 2004).

The warrant authorized seizure of the following:

"All types of electric tools, hand tools, construction equipment, construction supplies, household fixtures or appliances, electric generators/inverters, computer equipment, firearms, ammunition, spot lighting equipment, game animals or any part thereof, two way radios, radio scanners, tools specifically used for entry to or removal of property from locked buildings. Methamphetamine, drug use paraphernalia, any indicia that tends to show possession or control of the premises."

Pet., attached ex. A.

This warrant describes with particularity the items to be seized. Petitioner seems to imply that the warrant lacks particularity because it uses the words "all types." However, the general words are themselves sufficiently particular. The reference to "all types" does

not render the warrant general. *See Lawmaster v. Ward*, 125 F.3d 1341, 1348 (10th Cir 1997) (warrant for "[a]ll types of firearms required to be registered with the Bureau of Alcohol, Tobacco and Firearms" not overbroad).

The warrant lists items that corresponded with items that the affiant had been informed were stolen during a series of burglaries. This is in sharp distinction to the warrant in the case petitioner cites in support of his assertion that the warrant was insufficiently specific. In the case he relies on, the warrant authorized seizure of "any papers, things or property of any kind relating to previously described crime." *United States v. Buck*, 813 F.2d 588, 590 (2nd Cir. 1987). The court held that the warrant was overly broad because it was "*all* in general boilerplate terms, without either explicit or implicit limitation on the scope of the search." *Id.* at 593 (emphasis in original). The court held that the lack of limitations on the kind of evidence sought gave the searching officers an impermissible level of discretion. *Id.* The warrant at issue here, however, was not composed of boilerplate language, but rather contained explicit limitations on the scope of the search. The warrant limits the search to specified categories of items, all of which fall within the description of the items reported by confidential informants to have been taken in burglaries. Thus, a motion to suppress on the grounds that the warrant lacked particularity and constituted an illegal general warrant would not have been meritorious.

*3.     Probable cause and bad faith of applicant*

The Attorney General is correct that defense counsel did challenge the warrant and affidavit on these grounds. *See* ex. 1 (clerk's transcript on appeal) at 96-122 (motion to suppress and points and authorities in support of it). Counsel obviously was not ineffective in failing to raise these contentions, because he did.

*4.     Summary*

Raising the grounds which petitioner claims should have been included in the motion to suppress would not have changed the outcome. It thus was not ineffective assistance for counsel to fail to raise them. Because counsel was not ineffective, the state appellate

7

courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly established United States Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 24, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.02\CARTER556.RUL2